UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS GILUSO,<br><br>Plaintiff,<br><br>v.<br><br>BURBERRY LIMITED,<br><br>Defendant. | Case No.  23-cv-03517-PCP<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

In this case, plaintiff Michael Giluso claims that defendant Burberry Limited engaged in disability-based discrimination when a Burberry employee refused to allow Giluso to enter its San José store with his service dog. Burberry moves to dismiss Giluso's lawsuit for lack of jurisdiction, contending that the case is now moot. For the following reasons, the Court denies Burberry's motion.

## BACKGROUND

Giluso suffers from physical and mental health conditions including Type 2 Diabetes and Post Traumatic Stress Disorder (PTSD).[1] He relies on a service dog named Vito to provide emotional relief and support and assist when Giluso requires medical assistance. Vito accompanies Giluso at all times. On March 14, 2023, Giluso and his husband visited the Santana Row mall in San José, California to shop at a Burberry store. At the time, Vito was equipped with a bright green nylon leash bearing a black and white strap that said, "Service Dog." When Giluso reached Burberry, a security guard stopped him and said, "No dogs, no way!" A Burberry employee then

---

[1] The following allegations are taken from Giluso's complaint and are accepted as true.

United States District Court<br>Northern District of California

approached Giluso and informed him that Burberry had just installed new carpet and that "absolutely no dogs whatsoever" were allowed in the store. Giluso and his husband informed the employee that Vito is a trained service dog, but the employee still refused to allow Giluso to enter the store. Eventually, the employee threatened to call police or security if Giluso refused to leave. The incident at Burberry triggered his PTSD and he has had to increase his monthly therapy appointments. Giluso has not visited Burberry since this incident.

On July 14, 2023, Giluso sued Burberry under the Americans with Disabilities Act (ADA), seeking declaratory and injunctive relief. He also asserted a claim under California's Unruh Civil Rights Act for monetary damages. In response, Burberry moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Burberry claims that since before Giluso was denied entrance to its store it has had a service animal policy in place providing that all Burberry stores must allow service animals to accompany Burberry patrons. In Burberry's view, this obviates any need for injunctive relief and thereby deprives Giluso of Article III standing to pursue his ADA claim. Alternatively, Burberry argues that the case became moot after Burberry informed Giluso of its policy at the parties' General Order 56 settlement meeting. Burberry argues that the Court should decline to exercise supplemental jurisdiction over Giluso's Unruh Act claim if it dismisses his ADA claim for lack of jurisdiction.

## LEGAL STANDARDS

Federal Rule 12(b)(1) allows a party to move for dismissal for "lack of subject-matter jurisdiction," and Rule 12(h)(3) allows a party to make such a motion "at any time." *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (noting that a Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment"). A Rule 12(b)(1) motion may take the form of a "speaking motion" in which the movant attacks the factual basis for subject matter jurisdiction rather than the allegations in the complaint. *Thornhill Publishing Co., Inc. v. General Telephone & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In considering a speaking motion, the court need not presume the truthfulness of the plaintiff's allegations. *Id.* "The existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The

United States District Court
Northern District of California

1    plaintiff, rather than the defendant, bears the burden of establishing jurisdiction at the outset of the

2    litigation. *Id.*

3         To establish standing in federal Court, Article III of the Constitution requires a plaintiff to

4    demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or

5    imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would

6    likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). If

7    the plaintiff's claim is one for which the court can offer no remedy, "there is no case or

8    controversy for the federal court to resolve." *Id.* at 423 (citation omitted). Where a plaintiff has

9    been "discriminated against on the basis of disability in the full and equal enjoyment of … any

10   place of public accommodation[,]" the ADA authorizes federal courts to provide injunctive relief.

11   42 U.S.C. § 12182(a); s*ee id.* § 12188(a)(2) ("[I]njunctive relief shall include an order … to make

12   such facilities readily accessible and usable … [and] requiring … modification of a policy[.]");

13   *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) ("Monetary damages are not

14   available in private suits under Title III of the ADA.").

15        Even when a plaintiff establishes the court's subject matter jurisdiction at the time a suit

16   was filed, the court may nevertheless lose that jurisdiction if the case becomes moot. A case is

17   moot when "interim relief or events have completely and irrevocably eradicated the effects of an

18   alleged violation of law and there is no reasonable expectation that the violation will recur[.]"

19   *Wong v. Dep't. of State*, 789 F.2d 1380, 1384 (9th Cir. 1986). "The party asserting mootness has a

20   heavy burden to establish that there is no effective relief remaining for a court to provide." *In re

21   Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997).

22                                    **ANALYSIS**

23        The parties do not dispute that Giluso satisfies the first two elements of standing. Giluso's

24   denial of service at Burberry due to his use of a service dog is the sort of quintessential injury in

25   fact that Congress deemed redressable under the ADA. *See Doran v. 7-Eleven, Inc.*, 524 F.3d

26   1038, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered … alleged ADA

27   violations that deter his patronage of … a place of public accommodation, he has already suffered

28   an injury in fact traceable to the defendant's conduct[.]"). Likewise, Giluso's injury is traceable to

Burberry given that a Burberry employee impeded his access to the store.

Burberry argues, however, that Giluso cannot satisfy the "redressability" requirement for Article III standing because its policy requiring stores to permit entrance to service animals precludes this Court from providing any further injunctive relief to Giluso. Contrary to Burberry's arguments, its service animal policy does not deprive Giluso of standing to pursue his ADA claim and may actually strengthen his right to be heard in federal court.

Burberry claims that the policy was in place when Giluso visited. Nonetheless, a Burberry employee turned him away.[2] Either Burberry's policy was ineffective or the specific store in question did not comply with it. And although Burberry filed a declaration in support of its motion, the declaration states only that the policy was in place at the time Giluso was barred and that the policy had been communicated to all Burberry stores before Giluso's visit. The declaration includes no further details about how the policy is enforced or how Burberry ensures that its stores comply.

If such a policy is in place but ineffective or unenforced, the ADA allows federal courts to order places of public accommodation to modify it to ensure aggrieved plaintiffs' access. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004) (affirming a district court's injunction requiring defendant to "modify its policies" to allow access to the companion of a wheelchair-bound patron). Because Burberry's policy did not prevent the alleged ADA violation here, its mere existence at the time Giluso filed suit did not deprive him of standing to seek injunctive relief.

Burberry alternatively argues that this case became moot once it "confirmed unequivocally" to Giluso that it has had a service animal policy in place since 2016. But for the reasons already noted, the mere existence of the policy does not eliminate the concern that he will be turned away in the future. Even accepting Burberry's argument that it will not change or

---

[2] Giluso filed a declaration detailing his recollection of the events and stating that he was turned away because he tried to bring Vito into the store. In response, Burberry claims that Giluso was turned away for a reason unrelated to his use of a service dog. Although the Court "may resolve disputed facts as to purely jurisdictional questions," this factual dispute is directly related to the merits of Giluso's complaint and therefore inappropriate for resolution on a Rule 12(b)(1) motion. *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1139 (9th Cir. 2024).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    modify its service animal policy in the future, Burberry does not explain why a policy that failed

2    to prevent discrimination in the first place will do so in the future.[3]

3            Burberry complains that Giluso did not attempt to return to the Santana Row store after

4    learning of its service animal policy. But Giluso was not required to do so in order to preserve his

5    standing in federal court. A "plaintiff need not repeatedly suffer discrimination in order to assert

6    [their] rights under Title III[.]" *Delil v. El Torito Rests., Inc.*, No. C 94-3900-CAL 1997 WL

7    714866, at *4 (N.D. Cal. June 24, 1997). Because the same Burberry service animal policy was in

8    place when a Burberry employee previously refused him service, its mere existence and

9    communication to Giluso is not enough to demonstrate that any potential for future discrimination

10   against Giluso has been "irrevocably eradicated" or that "there is no reasonable expectation that

11   the violation will recur[.]" *Wong*, 789 F.2d at 1384.

12           Burberry therefore has not satisfied its heavy burden to show that Giluso's claims are

13   moot.

14                                   **CONCLUSION**

15           For the foregoing reasons, Burberry's motion to dismiss is DENIED.

16

17           **IT IS SO ORDERED.**

18   Dated: December 19, 2024

19

20   _____

21   P. Casey Pitts
     United States District Judge

22

23   ─────────────────────
     [3] Burberry primarily relies on caselaw involving architectural barriers to entry in which courts

24   deemed a plaintiff's claims moot after the defendant addressed structural barriers to access. *See,
     e.g.*, *Whitaker v. Larchmont Vill. Plaza, LLC*, No. CV 19-09424-DSF 2020 WL 1391631 (C.D.

25   Cal. Jul. 20, 2020); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93 (D.D.C. 2007); *Indep.
     Living Res. v. Oregon Arena Corp.*, 982 F. Supp. 698, 774 (D. Or. 1997). These cases are

26   inapposite because when a defendant remediates an ADA violation with "structural
     modifications," the time and capital expense entailed in implementing a structural modification

27   mean that the remediations "are unlikely to be altered in the future." *Indep. Living Res.*, 982 F.
     Supp. at 774. In this case, Burberry's policy may have already failed to prevent discrimination in

28   at least one instance, and Burberry has not provided any evidence of changes in policy or practice
     that will prevent future instances of discrimination.